IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JENNIFER ANNE SAYLOR,**

    **Plaintiff,**

v.           Case No. 11-cv-1072-DRH-SCW

**CHERYL N. BOYD,**

    **Defendant.**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Upon review of plaintiff Jennifer Anne Saylor's complaint (Doc. 7), the Court finds that it must raise the issue, *sua sponte*, of whether it has subject matter jurisdiction over this case. *See McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998).  In fact, federal courts are "obliged to police the statutory and constitutional limitations on

their subject matter jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. *See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). This inquiry is imperative, as a party cannot waive subject matter jurisdiction. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

## II. DISCUSSION

### A.   Diversity Jurisdiction

Plaintiff brings this cause of action on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Section 1332 requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

First, as to diversity of citizenship, it is well-established that allegations of residency may or may not demonstrate citizenship, as citizenship depends on domicile. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *see also McMahon v. Bunn-O-Matic Corp.,* 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). Thus, an individual is a citizen of the state in which he or she is domiciled, meaning where he or she

has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

Second, as to amount in controversy, it is the duty of the district court to ascertain whether the amount in controversy meets the jurisdictional amount. *Batts Rest., Inc. v. Commercial Ins. Co. of Newark*, 406 F.2d 118, 120 (7th Cir. 1969), *abrogation on other grounds recognized by Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001). In determining whether the jurisdictional threshold amount has been met, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." *Uhl v. Thoroughbred Tech. and Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)). The court must conduct this assessment according to the facts available on the day federal jurisdiction was invoked. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). When the court questions the jurisdictional amount on its own initiative, it must appear to a legal certainty that the sum is for less than the jurisdictional amount. *Batts Rest.*, 406 F.2d at 120 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that

amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury,* 303 U.S. at 289.

**B.  Analysis**

The Court finds plaintiff's complaint wholly insufficient to establish either complete diversity of citizenship or the requisite amount in controversy. Plaintiff alleges she is a "resident of Orlando, Orange County, Florida." Further, she alleges defendant is a "resident of Illinois." As explained previously, allegations of residency do not adequately establish diversity of citizenship. For this reason alone, plaintiff's complaint lacks sufficient allegations establishing the subject matter jurisdiction of this Court.

Further, plaintiff's complaint is insufficient for more obvious reasons. Plaintiff alleges, "[t]his is an action for damages, which exceed the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and attorneys' fees." Clearly, despite plaintiff's allegations of extensive physical injuries stated elsewhere in its complaint, plaintiff has not met her burden of demonstrating the amount in controversy requirement is met. Based on plaintiff's own allegations, she has suffered damages exceeding the sum of fifteen thousand dollars; an amount obviously well-below the seventy-five thousand dollars required of diversity jurisdiction. Thus, based on plaintiff's own allegations, the Court cannot find to a legal certainty that plaintiff's claim meets the amount in controversy Section 1332 requires. Accordingly, the Court finds plaintiff has failed to carry her burden of

establishing diversity jurisdiction, due to inadequate allegations of both citizenship and amount in controversy.

### III. CONCLUSION

For the reasons discussed herein, the Court finds plaintiff has not met the requirements to adequately plead diversity jurisdiction. Therefore, the Court does not have proper subject matter jurisdiction over this case. Thus, the Court is obligated to **DISMISS** this cause of action **without prejudice.**

**IT IS SO ORDERED.**

Signed this 14th day of February, 2012.

David R. Herndon
2012.02.14
12:07:40 -06'00'

**Chief Judge**
**United States District Court**